# 99 DTA 191

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA-FAJARDO**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

REINALDO CARRASQUILLO VAZQUEZ
Recurrido

Núm. KLCE-99-00503

San Juan, Puerto Rico, a 3 de junio de 1999

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Miranda De Hostos, Juez Ponente

427

## TEXTO COMPLETO DE LA SENTENCIA

El Procurador General acude ante nos mediante moción en auxilio de jurisdicción y petición de *certiorari* para que revoquemos una resolución dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Fajardo, que denegó la utilización del sistema de circuito cerrado televisivo durante el testimonio de una menor de ocho (8) años de edad, en la etapa de la vista preliminar, en un proceso contra su padre por alegados delitos de abuso sexual.

Alega que incidió el tribunal recurrido al denegar la utilización del mecanismo de circuito cerrado como lo proveen las Reglas de Procedimiento Criminal. A tales fines se paralizaron los procedimientos ante el foro de instancia y le concedimos un plazo al recurrido para que mostrara causa por lo cual no se concediera el remedio solicitado.

Cumplido según intimado, expedimos el auto de *certiorari* y revocamos la resolución recurrida. Veamos porqué.

### I

Contra el recurrido, Reinaldo Carrasquillo Vázquez, se radicaron cargos por los delitos de: actos lascivos e impúdicos, tentativa de violación y exposiciones deshonestas contra su hija de ocho (8) años de edad, cuando la menor se encontraba con él, durante las relaciones paterno-filiales. Al momento de la presentación del recurso de *certiorari*, el recurrido se encontraba sumariado por no haber podido prestar la fianza fijada.

El 30 de marzo, el Ministerio Público solicitó que se permitiera el uso del sistema de circuito cerrado durante el testimonio de la menor perjudicada en la etapa de vista preliminar y las demás etapas del procedimiento criminal. Se argumentó que la utilización del sistema era necesario para proteger la salud emocional de la víctima, pues sólo tiene ocho (8) años de edad y la presencia del supuesto agresor, quien es su padre biológico, podía afectar su estado anímico y su declaración sobre los hechos.

Para disponer de la controversia, se celebró una vista para discutir la necesidad de usar el mecanismo de circuito cerrado, a la cual compareció la psicóloga Fiordaliza Peguero como testigo del Estado, quien señaló que *"la menor estaba bastante afectada porque e(sic) ella no esperaba haber tenido esa experiencia con su papá."* (T.E., pág. 4.) Sostuvo, *"que posiblemente que (sic) el impacto (de tener que declarar contra su padre) sea tan fuerte que la niña se quede ... no hable."* (T.E., pág. 7.) También expresó que declarar ante su padre sobre los hechos *"el daño sería irreversible, que no lo va a poder superar por muchos años, si es que lo supera, y sería un proceso muy largo ..."*. (T.E. pág. 5.)

El 20 de abril, el Tribunal de Primera Instancia dictó la resolución de la cual se recurre, denegando la petición del Ministerio Público de utilizar el sistema de circuito cerrado televisivo. No obstante, señaló que tomaría las medidas necesarias para procurar que la menor no tuviera contacto visual con su padre mientras declarara en la sala de vistas preliminares.

### II

Existe en nuestra jurisdicción una clara política pública para proveer protección y asistencia a las víctimas y testigos en procesos judiciales, para promover su cooperación y participación libre de intimidación. Se reconoce que en toda investigación o proceso judicial, se debe proveer medidas protectoras que le garanticen a los testigos y víctimas, su seguridad tanto física como emocional. Ley Núm. 77 de 9 de julio de 1986, Ley de Protección y Asistencia a Víctimas y Testigos, 25 L.P.R.A. sec. 972, *et seq.* (Supl. 1998).

Cónsono a tales principios, el ordenamiento procesal penal establece que el sistema televisivo de circuito cerrado de una vía, puede utilizarse durante la declaración de un menor víctima de delito, aunque éste se encuentre competente para declarar, si existe la probabilidad de que en ausencia de la utilización de dicho sistema, se le cause serio daño emocional. El hecho de que un menor víctima de delito declare frente al acusado, sobre todo cuando éste es un familiar, constituye una experiencia traumática que le impide comunicarse efectivamente y, por lo tanto, puede afectar su declaración. De otra parte, el procedimiento estatuido no sólo protege la integridad física y emocional del menor, sino que garantiza y salvaguarda adecuadamente los derechos constitucionales del acusado. Regla 131a de Procedimiento Criminal, 34 L.P.R.A. Ap. II, (Supl. 1998).

Nuestro más alto foro ha sido enfático en señalar que, cuando los testigos son menores, el tribunal debe velar por su bienestar y tomar aquellas medidas necesarias para protegerlos cuando prestan sus testimonios en casos de abuso sexual. *Otero Prann v. Delbrey Rivera,* opinión de 22 de enero de 1998, **98 J.T.S. 2,** pág. 473.

Se ha reconocido por estudios científicos que la mayoría de las víctimas de delitos de abuso sexual, experimentan y sufren daños emocionales que perduran por mucho tiempo en sus vidas. Estas condiciones se agravan cuando las víctimas son menores de edad y los procesos judiciales constituyen una carga traumática adicional. *Pueblo v. Rivera Robles,* 121 D.P.R. 858, 861 (1988). (Casos y autoridades citadas.)

### III
Analicemos los hechos particulares del presente caso frente a la norma jurídica esbozada.

El Ministerio Público, durante la vista para determinar la necesidad de utilizar el sistema de circuito cerrado, presentó prueba de una psicóloga, de un técnico para asistencia de víctimas y de la madre, la cual no fue controvertida, de que la menor preferiría declarar sin la presencia de su padre; que ésta podría negarse a declarar en contra de su padre pues lo ama; que el hecho de que tenga que declarar le causaría un trauma irreversible del cual difícilmente se recuperaría dado los delitos imputados; y que el proceso le ha causado al presente mucha intranquilidad.

Concluimos que estas circunstancias establecen el criterio de necesidad, frente al daño emocional al cual se expone la testigo de sólo ocho (8) años de edad al tener que declarar contra su padre, por los alegados delitos de abuso sexual. La utilización del sistema de circuito cerrado, debidamente reglamentado, no solamente le garantiza los derechos a la testigo, sino que le salvaguarda las garantías constitucionales al imputado de delito, según se ha reconocido. Por lo cual incidió el tribunal al denegar la utilización de dicho proceso y utilizar uno alterno, no reglamentado.

### IV
Por los anteriores fundamentos, se expide el auto solicitado y se ordena al Tribunal de Primera Instancia, la utilización del sistema televisivo de circuito cerrado de una vía para los procedimientos ante su consideración, según lo dispone las Reglas de Procedimiento Criminal.

Lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General